JOHN C. WELLS *vs.* ISAAC WELLS, impleaded, &c.

Before a mortgage can be foreclosed by advertisement, it is necessary that the same, containing the power of sale, should be duly recorded.

If the mortgaged premises consist of distinct farms, tracts or lots, situated in different counties, the mortgage must be recorded in the clerk's office of each county.

If it is so recorded, the notice of sale may be published in a newspaper printed in either of them.

Wells *v.* Wells.

But where the land lies in several counties, the notice of sale must be affixed on the court house door in each county, and a copy delivered to the clerk of each county.

The statute requires that when mortgaged premises consist of distinct farms, tracts or lots, they shall be sold separately. If sold together, the sale will be void, or at least voidable.

A PPEAL, by both parties to the action, from a judgment rendered at the Chemung special term, in March, 1866.

*J. McGuire,* for the plaintiff.

*H. B. Smith,* for the defendant Isaac L. Wells.

*By the Court,* BALCOM, J. One of the questions on the trial of this action was, whether the foreclosure, by advertisement under the statute, of the mortgage described in the complaint, was valid. The court decided that it was inoperative and ineffectual to foreclose the right of redemption of the mortgaged premises, for the reason that the sale thereof was not made in parcels. The premises consist of distinct farms, tracts or lots ; and one of them is situated in the county of Steuben, and the others lie in the county of Chemung. The mortgage, containing the power of sale, was recorded in the office of the clerk of the latter county ; but it was not recorded in the office of the clerk of the former county. Before the mortgage could be foreclosed by advertisement, it was necessary that the same, containing the power of sale, should be duly recorded. (2 *R. S.* 545, § 2, *sub.* 3.) It was not duly recorded in respect to the lot or tract of land situated in Steuben county ; for the reason that it was not recorded at all in the office of the clerk of that county. If the mortgage had been recorded in that county, it could have been foreclosed by publishing the notice of sale in Chemung county. The statute is, if the premises are situated in two or more counties, the notice of sale may be published in a newspaper printed in either of them. (3 *R. S.* 5th ed. 859, § 3, *sub.* 1.) But if the mortgage had been

recorded in Steuben county, the foreclosure under the statute would have been invalid, for the reason that a copy of the notice of sale was not affixed on the court house door in that county, or delivered to the clerk of that county.   There is no statute that can be construed to make the affixing of of the notice on the court house door in Chemung county, and the delivery of a copy to the clerk of that county, sufficient to authorize a sale of the premises.   (*See* 3 *R. S.* 5*th ed.* 859, § 3, *sub.* 2.)   If the premises are situated in two or more counties, the notice of sale must be posted in each county, and a copy thereof delivered to the clerk of each county, though the publication of the notice in a newspaper printed in one of the counties is sufficient.   It is provided by statute, "if the premises consist of distinct farms, tracts or lots, they shall be sold separately." (3 *R. S.* 5*th ed.* 860, § 6.) This statute was violated by a sale of all the tracts or lots, described in the mortgage, together.   And the sale was clearly invalid, if for no other reason, because the mortgagee was not in a position to sell the land at all, that is situated in Steuben sounty.   It is therefore unnecessary to pass upon the question whether, if all the lands had been situated in Chemung county, a sale of the several tracts or lots together could have been upheld.   The court properly held that the statute foreclosure of the mortgage in question was inoperative and ineffectual to foreclose the mortgagor's right of redemption.   It was void, or at least voidable.   The plaintiff has not made a case that entitles him to a confirmation of his purchase, under the statute forclosure of the mortgage.   (*See Root* v. *Wheeler,* 12 *Abb.* 294, *and cases there cited.* 17 *N. Y. Rep.* 80.)   The judgment of the special term should not be reversed or changed upon the appeal of the plaintiff.   But the costs occasioned by the plaintiff's appeal should be paid by him.   He must pay the defendant all the costs that appeal has caused the defendant to incur.

But we are of the opinion the court erred in excluding the some of the defendant's offers of evidence, under his answer.

We think the defendant should have been permitted to show the mortgage was usurious—also that $5350 of the consideration thereof failed, or was worthless, to the knowledge of the plaintiff—also that the plaintiff took conveyances of the Caton farm and of the lands in Michigan, of the defendant, as collateral security for the purposes alleged in the second defense in the answer. And we are of the opinion, for these reasons, that the judgment in the action should be reversed and a new trial granted, costs to abide the event, except the costs occasioned by the plaintiff's appeal from the judgment, which latter costs the plaintiff must pay.

[BROOME GENERAL TERM, January 28, 1867. *Mason, Balcom* and *Boardman,* Justices.]