MARY DOHM v. MALCOLM B. HASKIN AND ELEANOR
HASKIN.

*Mortgage foreclosure—Assignment—Recording laws—Tenancy in
common—Chattel mortgage.*

1. An assignment of mortgage executed in Kansas, and acknowl-
edged before a notary public, is not entitled to record in Mich-
igan unless the official character of the notary and the
genuineness of his signature, and the fact that the assignment
is executed and acknowledged according to the laws of Kansas,
are certified to by the clerk or other proper certifying officer
of a court of record, as required by How. Stat. § 5660;[1] citing
*Buell v. Irwin,* 24 Mich. 145; *Reynolds v. McMullen,* 55 Id.
577; *Miller v. Clark,* 56 Id. 340.

[1] How. Stat. § 5659, provides that a deed executed in any other
state, territory, or district of the United States may be executed
according to its laws, and that such execution may be acknowl-
edged before any judge of a court of record, notary public, justice
of the peace, master in chancery, or other officer authorized by the
laws of such state, territory, or district to take the acknowledg-
ment of deeds therein, or before any commissioner appointed by
the Governor of this State for such purpose.

How. Stat. § 5660, prior to the amendment of 1891, provided
that in cases specified in section 5659, unless the deed was
acknowledged before a commissioner of deeds for Michigan, it
should be authenticated by the certificate of the clerk or other
proper certifying officer of a court of record of the county or dis-
trict, or of the secretary of state of the state or territory, within
which the acknowledgment was taken, under the seal of his office,
showing that the acknowledging officer was at the date of the cer-
tificate of acknowledgment such officer as he was therein repre-
sented to be, and that the certifying officer believed the signature
of such acknowledging officer to be genuine, and that the deed
was executed and acknowledged according to the laws of such
state, territory, or district. This section was amended by Act No.
112, Laws of 1891, which provides that deeds acknowledged before
a judge of a court of record under the seal of said court, or before
a notary public who certifies to such acknowledgment under his
official seal, may be recorded without having attached thereto the
certificate hereinbefore mentioned. The amendment further pro-
vides that "whenever any deed, or other instrument affecting the
title to land, executed, acknowledged, and authenticated in accord-
ance with this section and the last preceding section, has been
heretofore recorded in the proper county, such record, or a cer-
tified transcript thereof, shall be *prima facie* evidence of the due
execution of such instrument, to the same extent as if it had been
authenticated as required by the statute in force at the time such
instrument was recorded."

2. Where, after an agreement between a mortgagor and mortgagee that a chattel mortgage on machinery in a flouring-mill shall be ignored and canceled, and the mortgaged property treated as a part of the realty (which was covered by a real-estate mortgage given at the same time as the chattel mortgage, and securing the same debt), the mortgagee sells the machinery under the chattel mortgage, such sale is void.

3. A foreclosure by advertisement by an assignee of a mortgage, the assignment of which was executed in another state, and not so certified as to entitle it to be recorded in this State, although recorded therein, is void.

4. Equity will not permit one tenant in common, in the possession of property, for the use of which he is bound to account to his co-owner, to foreclose by separate advertisements three mortgages which he holds upon his co-tenant's interest, all of which are past due.

Appeal from Berrien. (O'Hara, J.) Argued October 13 and 14, 1891. Decided October 30, 1891.

Bill to set aside the foreclosure of certain mortgages. Complainant appeals. Decree reversed, and case remanded for further proceedings in accordance with the opinion, in which the facts are stated.

*Edward Bacon,* for complainant.

*George M. Valentine* and *George S. Clapp,* for defendants.

GRANT, J. In 1874, Almerian and Malcolm B. Haskin became the owners as tenants in common of a flouring-mill, the property in dispute in this case. August 29, 1885, Almerian sold and deeded his half interest to George E. Hotchkin, who executed a mortgage to him for the full purchase price. Hotchkin and Malcolm Haskin carried on the business as copartners until September, 1888, when Hotchkin conveyed his undivided interest to complainant, and the partnership was dissolved. Malcolm then leased complainant's interest for a year for $300.

88 MICH.—10.

Soon after the organization of the partnership between Hotchkin and Malcolm, it was considered necessary, in order to insure success, to put in the "roller process" machinery. Hotchkin had no means, and it was agreed that Malcolm should furnish the money, and that Hotchkin should give him a mortgage on his half interest to secure the payment. Half of the expense amounted to $1,325. June 22, 1885, Hotchkin executed a mortgage for this amount on his interest in the mill property, and also executed a chattel mortgage for the same debt on the machinery. On October 3, 1888, Malcolm commenced the foreclosure of this mortgage by advertisement. The sale took place December 31, Malcolm bidding the property in for $1,106.08, and the deed was recorded January 9, 1889. Two bidders only were present at the sale, Malcolm and complainant, through her husband, who was acting as her agent. Malcolm then gave notice of this chattel mortgage, which he had filed December 12, and of his intention to foreclose it as against any purchaser at that sale. Complainant and her agent both knew that this chattel mortgage was for the same debt as the other mortgage. Meanwhile Malcolm procured an assignment of the mortgage given by Hotchkin to Almerian, and on February 6, 1889, commenced a foreclosure by advertisement, the amount due being between $1,100 and $1,200, exclusive of interest. The sale took place May 7, 1889, for the sum of $1,312.73, and the sheriff's deed thereupon was duly executed and recorded. May 13, 1889, Malcolm posted notices of sale under his chattel mortgage. Complainant served upon him a written protest, but the sale proceeded, Malcolm bidding the property in for the sum of $300.

The mortgage given by Hotchkin to Almerian was recorded subsequently to the mortgage given to Malcolm.

The assignment of this mortgage to Malcolm was executed in Kansas. It has but one witness, and purports to be acknowledged before a notary public. No certificate of a clerk or other proper certifying officer of a court of record was attached as required by the statute. How. Stat. § 5660. It was therefore not entitled to record, and the register of deeds should have refused to record it. *Buell v. Irwin*, 24 Mich. 145; *Miller v. Clark*, 56 Id. 340; *Reynolds v. McMullen*, 55 Id. 577.

It was mutually agreed between Hotchkin and Malcolm on September 26, 1885, that said chattel mortgage should be ignored and canceled, and the property therein mentioned treated as a part of the realty. Under this state of facts, the sale under the chattel mortgage was void.

So, also, was the foreclosure sale under the mortgage given to Almerian Haskin, for the reason that the assignment was not entitled to record. The right to foreclose by advertisement is conferred solely by the statute, and its provisions must be strictly complied with. Under this statute, the mortgage and assignment must not only be recorded, but they must be executed in such a manner as to entitle them to record. See the authorities above cited.

I think the proper forum in which the defendant Malcolm Haskin should have proceeded to foreclose his mortgages was in equity, where all the rights of the parties could have been equitably determined and protected. Equity will not permit one tenant in common, in the possession of property, for the use of which he is bound to account to his co-owner, to foreclose by separate advertisements three mortgages which he holds upon his co-tenant's interest, all of which are past due. While it is true that complainant knew that the chattel mortgage covered the same debt as the real-estate mortgage, yet the insistence at the sale of the validity of the chattel

mortgage, and the threat to foreclose it, might well deter her, or her agent, from bidding at the sale. This was evidently what Malcolm intended, and his object was accomplished. I think all these sales were void, and should be set aside.

The decree of the court below must be reversed, and the case remanded for further proceedings. The property is so situated that it cannot be partitioned, and must therefore be sold, and the proceeds divided. Out of the complainant's share must be deducted the amounts due defendant Malcolm under his mortgages. Complainant will recover the costs of this Court.

The other Justices concurred.