In re Eric F. KWIECINSKI and Kathy L. Kwiecinski, Debtors.

Eric F. Kwiecinski and Kathy L. Kwiecinski, Appellants,

v.

Community First National Bank of Powell, Appellee.

BAP No. WY–99–042.
Bankruptcy No. 98–10362.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

March 17, 2000.

Carl J. Hildebrand, Casper, Wyoming, for Appellants.

John C. Patton and Raymond D. Macchia of Patton & Davison, Cheyenne, Wyoming, for Appellee.

Before PUSATERI, BOULDEN, and ROBINSON, Bankruptcy Judges.

## OPINION

PUSATERI, Bankruptcy Judge.

Debtors Eric F. and Kathy L. Kwiecinski ("Debtors") appeal the bankruptcy court's order determining, under Wyoming law, that their homestead exemption does not extend to a sixty-acre tract of farmland that is contiguous with the twenty-acre tract on which their home sits because they received separate deeds to the two tracts when they bought them. As a result of this ruling, confirmation of their proposed chapter 13 plan was denied. On a motion for leave to appeal, another panel of this Court decided that the exemption ruling was a final, appealable order, but that the ruling denying confirmation was interlocutory and leave to appeal it should be denied. Consequently, only the exemption ruling remains to be resolved in this appeal. For the reasons stated below, we reverse the bankruptcy court's ruling on this issue.

## I. Background

In 1992, the Debtors bought an eighty-acre farm and house. At least some farm land in the area was apparently identified in a publicly-filed "Farm Unit Plat" in which this tract was called "Farm Unit D." The Debtors financed the purchase. According to the Debtors, they agreed to the lender's suggestion to divide Farm Unit D into two tracts: a twenty-acre tract that included the house, and a sixty-acre tract. Under a Wyoming statute, Wyo. Stat. Ann. § 1–18–103, this split would make a mortgage on the twenty-acre tract subject to the non-agricultural real estate redemption

period of three months, while a mortgage on the sixty-acre tract would be subject to the agricultural real estate redemption period of twelve months. This statute also provided that if a mortgage covered more than one tract, any one of which was agricultural real estate, the redemption period for all the tracts would be twelve months. Wyo. Stat. Ann. § 1–18–103(b). Presumably due in part to this provision, the lender took a mortgage on the twenty-acre tract only. One of the Debtors indicated he understood the lender took this action so the mortgage would qualify as a residential real estate mortgage that could be sold on the secondary market, while an agricultural real estate mortgage would not. In 1996, the Debtors gave Community First National Bank—Powell ("Community Bank") a second mortgage on the twenty-acre tract. One of the Debtors testified that he always treated the eighty acres as a unit, and did not know where the line between the twenty- and sixty-acre parcels was. According to exhibits admitted at a hearing before the bankruptcy court, twenty-five of the eighty acres are irrigated, eighteen are grazing land, thirty-five are bog and waste land, and the remaining two make up the "farmstead" (presumably the house and outbuildings).

The Debtors filed a chapter 13 bankruptcy petition on September 24, 1998. On Schedule C, they claimed their "family residence and 80 acres" as exempt to the extent of $20,000 under "WS 1–20–101." At that time, the house and twenty-acre tract were worth less than the balance owed on the first and second mortgages, and the Debtors were still living in the house. No objections to their exemptions were filed within the time fixed by Federal Rule of Bankruptcy Procedure 4003(b).

In January 1999, the Debtors filed their second amended chapter 13 plan, indicating that they would surrender the house and twenty acres to the mortgage holders. Apparently the unencumbered sixty-acre tract was worth $20,000 or less, and the Debtors subtracted its value from the amount that would be distributed to unsecured creditors if their estate were liquidated under chapter 7. Thus, they treated that tract as being covered by their homestead exemption. They testified that they hoped to build or move living quarters on the tract when their financial situation improved. Community Bank objected that the Debtors were giving up their homestead by surrendering the twenty-acre tract and that unsecured creditors would be entitled to receive the value of the sixty-acre tract in a chapter 7 liquidation. The bank stated that its second mortgage on the twenty-acre tract was probably undersecured, so it contended it had standing as an unsecured creditor to the extent its claim plus the first mortgage exceeded the value of the tract.

The bankruptcy court stated that the legitimacy and effect of exemptions are determined as of the date of the filing of the bankruptcy petition, and that the Debtors' claimed exemptions were valid. Nevertheless, relying on its own previous decision, the court declared that even though two parcels of property are contiguous, a debtor's homestead exemption is limited to the one on which the home is placed. The court declared its view that, under Wyoming law, an unsecured judgment creditor could have initiated an execution sale against the Debtors' unencumbered sixty-acre tract despite the Debtors' homestead exemption claim. The court said it did "not believe the exemption attaches to the unencumbered and unimproved land to the detriment of an executing judgment creditor. The execution sale proceeds would not be subject to the homestead exemption because the parcels are separate and distinct despite their contiguousness." Consequently, the court held the value of the sixty-acre tract had to be included in the hypothetical chapter 7 liquidation analysis that must be done to determine whether the Debtors' plan complied with 11 U.S.C. § 1325(a)(4), and denied confirmation.

In denying the Debtors' subsequent motion to alter or amend, the court added: "The debtors do not reside on the unencumbered property. The debtors are surrendering the home which creates the homestead right, further separating the parcels. A homestead exemption cannot exist in unimproved farm land upon which the debtors do not reside." As indicated, the Debtors then obtained permission to appeal the denial of their exemption claim, but not the denial of confirmation of their plan.

## II. Discussion

■ This appeal presents a question of the application of Wyoming law to undisputed facts, a question we review *de novo*. *Pierce v. Underwood*, 487 U.S. 552, 558, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). At the outset, we note an inconsistency in the bankruptcy court's decision. The court first stated that exemptions are determined as of the date of the bankruptcy petition and that the Debtors' claimed exemptions were valid. Indeed, after the Supreme Court's decision in *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), the court had to accept the validity of the exemption claims because no one timely objected to them. Nevertheless, the bankruptcy court then determined that the Debtors could not claim a homestead exemption in the sixty-acre tract, even though they had done so. Under *Taylor*, this reasoning is incorrect even if Wyoming law provided no good faith basis for the exemption claim. As the Supreme Court held, when no objection is made within the time established by Federal Rule of Bankruptcy Procedure 4003(b), § 522(*l*) provides that the property claimed as exempt in the Debtors' schedules is exempt. *Taylor*, 503 U.S. at 643, 112 S.Ct. 1644. Furthermore, in denying the Debtors' motion to alter or amend, the court changed its focus from the circumstances on the date the Debtors filed for bankruptcy to the circumstances that would exist if the Debtors surren-

dered the twenty-acre tract as proposed in their plan.

■ Perhaps more importantly, we are not convinced that the bankruptcy court properly interpreted Wyoming's homestead law. Section § 1–20–101 of the Wyoming Statutes provides: "Every resident of the state is entitled to a homestead not exceeding ten thousand dollars ($10,-000.00) in value, exempt from execution and attachment arising from any debt, contract or civil obligation entered into or incurred." Section 1–20–102 provides: "(a) The homestead is only exempt as provided in W.S. 1–20–101 while occupied as such by the owner or the person entitled thereto, or his or her family. (b) When two (2) or more persons jointly own and occupy the same residence, each shall be entitled to the homestead exemption." Section 1–20–104 provides: "The homestead may consist of a house and lot or lots in any town or city, or a farm consisting of any number of acres, or a house trailer or other movable home, whether or not equipped with wheels or resting upon immovable support, the value of which does not exceed six thousand dollars ($6,000.00)." In interpreting these statutes, "it should be borne in mind that exemption statutes are construed liberally so as to effect their beneficent purposes." *Pellish Bros. v. Cooper*, 47 Wyo. 480, 38 P.2d 607, 609 (Wyo.1934); *see also Lingle State Bank v. Podolak*, 740 P.2d 392, 394 (Wyo.1987) (quoting this phrase from *Pellish Brothers*). However, a court interpreting a statute is still limited by what the terms of the statute can fairly be said to embrace. *Pellish Bros.*, 38 P.2d at 608–09; *Johnston v. Barney*, 842 F.2d 1221, 1223 (10th Cir.1988) (citing *Pellish Brothers* as stating Wyoming law on this point).

■ We see nothing in these statutes that might limit a Wyoming homestead in the manner the bankruptcy court did in this case. Instead, § 1–20–104 suggests that separate tracts can constitute a single homestead by stating that a homestead

may be "a house and lot or lots in any town or city." This does not say that some part of the house must be physically located on every lot that is covered by the homestead right. Certainly adjacent lots could be purchased at different times under different deeds without the resulting homestead violating the literal language of the statute. Similarly, nothing in the phrase "a farm consisting of any number of acres" suggests that all the acres had to be obtained under a single deed. The bankruptcy court's interpretation of the Wyoming homestead statutes does not seem to be required by the language or to constitute a liberal construction that "effect[s] their beneficent purposes." We note that the court's discussion of a judgment creditor's right to execute on the Debtors' sixty-acre parcel adds nothing to the court's reasoning. The discussion assumes the parcel is not part of a valid homestead, so it cannot answer the question supposedly being addressed: namely, whether that underlying assumption is correct.

Besides the Wyoming homestead statutes, the bankruptcy court supported its ruling that separately deeded tracts could not form a single homestead only with a citation to its own prior decision, *In re Welty,* 217 B.R. 907 (Bankr.D.Wyo.1998). In that case, the debtor and his wife owned in tenancy by the entireties two separately-deeded parcels of land on which the debtor's mobile home was located. The debtor also owned two adjacent, unimproved parcels that he had obtained in his own name at different times, and he claimed these parcels as his homestead. It appears the four parcels were in a town or city. Denying the exemption claim, the court offered the following analysis:

> For a homestead exemption to be valid, the debtor must occupy the homestead at the time the bankruptcy case is filed. Wyo. Stat. § 1–20–102; 11 U.S.C. § 522(b)(2)(A). [The debtor] argues

that, because he occupies a mobile home on a contiguous parcel, [the unimproved parcels] are exempt as part of the same property.

> The court disagrees. All of these parcels are not one. The parcel upon which the debtor actually resides is owned in an entirely different type of ownership from the parcels claimed as exempt. The debtor's intent at the time of purchase is evidenced by the deeds.

> Regardless of his intent, the exemption fails under Wyoming law. Section 1–20–104 requires that a homestead consist of "a house and lot or lots" or "a house trailer or other movable home." [The debtor] does not claim an exemption in a house or a mobile home on this lot [sic], and there is no home on the lot [sic]. The court concludes that [the debtor] does not occupy [the unimproved parcels] within the intent of the statute. Contiguousness does not equate with occupancy.

217 B.R. at 909. Thus, the court relied solely on the provisions of the Wyoming homestead statutes in reaching its decision. Since the bankruptcy court applied the decision here, we must ignore the factual distinctions that, unlike this case, *Welty* involved lots held in different types of ownership and a mobile home.

We have two problems with the court's reasoning as applied to the case before us. First, while we agree that an implicit requirement of the statutes is that a person must have the intent·to make property his or her homestead, we see nothing in them that requires the intent to exist at the time property is purchased. We have found no Wyoming state court decisions construing the statutes this way. Second, we believe the court interpreted the occupancy requirement of § 1–20–102(a) too narrowly. The bankruptcy court's theory would lead to different homestead exemptions for two families living on adjoining eighty-acre

tracts and using them identically, simply because one family obtained its tract by a single deed and the other by two. We see nothing in the Wyoming homestead statutes and have found nothing in Wyoming case law that would justify these differing results. In fact, although the Debtors' "farmstead"—presumably their house and outbuildings—took up only two acres of the twenty-acre tract, the court was apparently nevertheless satisfied that they "occupied" the other eighteen within the meaning of § 1–20–102(a). We see no reason to conclude they did not "occupy" the remaining sixty acres in the same sense.

Few Wyoming state court cases seem to have considered what is required for property to be "occupied" as a homestead under § 1–20–102(a). It appears that a provision nearly identical to § 1–20–102(a) has been in the Wyoming statutes since at least 1894, *see Towne v. Rumsey*, 5 Wyo. 11, 35 P. 1025, 1026 (Wyo.1894), although for a brief period (1909 to 1915), the statute provided that a homestead could be exempt not only while occupied as such but also while the owner was actually living in Wyoming, *see Harney v. Montgomery*, 29 Wyo. 362, 213 P. 378, 381 (Wyo.1923). The decision in *Jones v. Kepford*, 17 Wyo. 468, 100 P. 923 (Wyo.1909), provides the only guidance we have located about the occupancy required for a Wyoming homestead to exist.[1] The question in that case was whether a married couple had abandoned their homestead by moving into a house on rented property within the same inclosure as their homestead, but cultivating the homestead, the rented land, and some other land together. The Wyoming Supreme Court said:

While there is no direct evidence of intention not to abandon their homestead, yet such intention is disclosed from the evidence taken as a whole. The claim that it was their homestead is entirely consistent with the facts proven. *They were in its exclusive possession and occupancy all the time*, and their acts did not at any time disclose upon their part an intention to abandon it as their homestead. They had, so far as the record disclosed, no title in fee to other land in that vicinity, and *their possession and occupancy* was notice to [the opposing party in the lawsuit], not alone of their title, but of the character of such title and *the manner in which they occupied* such premises.

*Id.* at 925 (emphasis added). While abandonment is a different question than the one now facing us, we think the court indicated that, at least in some circumstances, a piece of property can be occupied as a homestead under the Wyoming exemption statutes even if the homestead owners are not living in a house located on it.

## III. Conclusion

For these reasons, the bankruptcy court's ruling denying the Debtors' homestead exemption of the sixty-acre tract is REVERSED.

---

1. Given the time the relevant facts occurred, the 1909 amendment to the predecessor to § 1–20–102(a) that was discussed in *Harney v. Montgomery* would not have been applicable in *Jones v. Kepford*. In fact, it may not have been enacted by the time the decision was issued in April 1909; the court did not mention it.