## Case No. 9,425.

### In re MENDENHALL.

[9 N. B. R. (1874) 497.] [1]

*District Court, D. Minnesota.*

PARTNERSHIP—ASSUMING TO BE A CORPORATION—
HOW LIABLE.

Where certain persons associated themselves together, assuming to be a corporation and using a corporate name, without authority of law, they are individually liable as co-partners for the debts of the association; and a creditor who has dealt with them as a corporation is not thereby estopped from setting up his claim against them individually.

[This case was formerly heard upon the petition of the creditor to have certain books and accounts produced, showing the identity of the bankrupt with the State Savings Association. The petition was granted. Case No. 9,423. It was again heard upon motion to dismiss proceedings. Id. 9,424. It is now heard upon petition of a creditor to be substituted for the original petitioner.]

The demand of the creditor who petitioned to be substituted was evidenced by a "pass book" issued to him upon a deposit with "The State Savings Association," and it was conceded that the deposit was made with the association at the time stated in the petition, but it was denied by the alleged debtor that

he was individually liable, and he claimed that the association was a corporation by virtue of an act of the state of Minnesota, entitled: "An act for the incorporation of colleges, seminaries, churches, lyceums, libraries and other societies for benevolent, charitable, scientific and missionary purposes."

The following are the sections of the act (chapter 17, Comp. St. Minn.) under which it is claimed a corporation was created:

Section 56: "That any three or more persons desirous of forming a corporation for a college, seminary, church, lyceum, library or any benevolent, charitable, scientific or missionary society, shall adopt articles certifying: (1) The names of the persons concerned, and their having associated to form a body politic. (2) Their corporate name and location or place of business. (3) If a joint stock company, the amount of capital stock and the amount constituting a share; if not a joint stock company then the terms of admission to membership. (4) What officers the society or company will have, by what officers business will be conducted, and when they are to be elected, or if appointed, when and by whom such appointment is to be made; and also the number of trustees to manage the said society, and the names of the trustees for the first year of its existence, which articles shall be subscribed and sworn to by them or by their president and secretary and a majority of their associates, before some officer authorized to take the acknowledgment of deeds, and filed and recorded in the office of the register of deeds of the county where such corporation shall exist, and a duplicate thereof shall be filed in the office of the secretary of the territory (state)."

Section 57: "When such articles shall have been filed as aforesaid, the persons who shall have signed and acknowledged the same, and their successors, shall be a body politic and corporate, with perpetual succession. They shall be capable in law of suing and being sued, pleading and being impleaded, answering and being answered, in all courts of law and equity. They may have a common seal, alter and change the same at pleasure; acquire and sell property, personal and real; make by-laws, rules and regulations as they may deem proper or best for the good order of the corporation: provided, that such by-laws, rules and regulations, be not contrary to the constitution and laws of the United States, or the organic act of this territory (state)."

The following articles were executed and filed:

"Articles of the State Savings Association:

"Pursuant to sections number fifty-six (56) and fifty-seven (57) of chapter number seventeen of the Compiled Statutes of the state of Minnesota, it is hereby certified that Richard J. Mendenhall, Rufus J. Baldwin and Thomas A. Murphy, of Minneapolis, Hennepin

county, Minnesota, have associated to form a body politic by the corporate name of 'State Savings Association.' That the said corporation shall be a joint stock company with a capital stock of twenty-five thousand dollars, divided into two hundred and fifty shares of one hundred dollars each. The place of business of said association shall be the town of Minneapolis, Hennepin county, Minnesota. The business of said association shall be such as is usually transacted by savings institutions. The business of said association shall be managed by three trustees, to be chosen by the stockholders on the first Tuesday in January in each year. The first trustees shall be Richard J. Mendenhall, Rufus J. Baldwin and Thomas A. Murphy, who shall serve until the first annual election, and until others are chosen in their place. The trustees shall annually, immediately after their election, appoint one of their number president and one of their number secretary, whose duties shall be such as ordinarily pertain to such officers respectively, and as shall be assigned to them by the trustees. Said association shall possess all the powers enumerated in said fifty-seventh section of chapter seventeen of the Compiled Statutes of Minnesota. In witness whereof we have hereto subscribed our names this 18th day of December, A. D. 1865. Richard J. Mendenhall. Rufus J. Baldwin. Thomas A. Murphy.

"The foregoing articles of association were subscribed by the aforesaid Richard J. Mendenhall, Rufus J. Baldwin and Thomas A. Murphy, to me, personally, known and affirmed to by the said Mendenhall, and sworn to by the said Baldwin and Murphy before me, this 18th day of December, A. D. 1865. F. R. E. Cornell, Notary Public."

J. Y. Page, Merrick & Morrison, and Cooley & Lowry, for creditor.

F. R. E. Cornell, Beebe & Shaw, and C. H. Benton, for debtor.

NELSON, District Judge. Upon the application of John Kausal to be substituted in the place of the petitioning creditor, who failed to appear on the return day of the order to show cause, the debtor filed an answer denying the allegations made that he is a creditor, and has also in form denied the acts of bankruptcy charged in the original petition on file. The right of substitution must be established before the debtor can be required to try the questions presented by a denial of the acts of bankruptcy, and the court has proceeded summarily to hear the allegations of the creditor and the debtor in order to determine that issue.

Without elaborating the questions raised by the evidence, I have arrived, after an examination, at the following conclusions: What is the status of the association of which the debtor is a member? I feel less delicacy in deciding this question, from the fact that no act of the legislature of the state of Minnesota, in my opinion, exists, which can be invoked to sustain the claim made in the debtor's answer, that the articles of association created a corporation. I am, therefore, led to the conclusion that the articles executed by Mendenhall, Baldwin and Murphy, December 18th, 1865, on file in the office of the secretary of state of Minnesota, entitled: "Articles of the State Savings Association," did not authorize the exercise by said association of any corporate rights, by virtue of sections 56 and 57, c. 17, p. 286, Comp. St. Minn., and it is a misnomer to call it a corporation.

This is not a case where there have been defects in the proceedings taken to perfect the organization of a corporation, or an abuse of corporate rights, and an attempt made to take advantage of them by objection in a collateral proceeding. The point is raised upon the face of the articles of association, and the doctrine of estoppel urged does not apply; the utmost that can be claimed for these articles is, that the onus probandi is thrown upon the creditor to show that they do not create a corporation.

True, the facts show that Kausal had dealings with the association by the name designated and claimed in the articles to be its corporate name, still he is not thereby estopped from showing that it had no legal corporate existence. Even upon the strict rule contended for by the respondent's counsel, in regard to which the authorities are by no means agreed, it was necessary for this association assuming to act in a corporate capacity to show itself to be a corporation de facto as against persons who have had dealings with it. Simply showing that it had acted as such for any period of time, however long, is not sufficient. Some law, under which a corporation with the powers assumed might be lawfully created, must be shown in addition to mere user, before it can be said to exist as a corporation de facto.

The authorities cited to sustain the doctrine of estoppel in this case, relate to bodies exercising corporate powers and existing as corporations de facto within the rule above laid down. It cannot be maintained successfully that the act of the legislature authorized any such corporate capacity as is claimed here. This court, therefore, is not required to regard this association, so far as third persons are concerned, as a corporation until it shall have been otherwise decided by judicial proceedings properly instituted.

From the views above expressed, this is apparent, for there is no existing corporation de jure or de facto. Having at the outset decided that this association did not become a corporation under the laws of the state, it does not follow that the creditor has no remedy for a recovery of his deposit, because he dealt with it in its assumed corporate capacity. Not being clothed with any corporate franchises, its individual members cannot escape pecuniary responsibility by taking refuge behind any supposed privilege or sanc-

tity conferred by its efforts to become a corporation, and any creditor can treat it as a partnership, holding the members thereof personally liable for all acts done within the scope of the partnership.

It is fairly established by the testimony, I think, that previous to the deposit in the association by this creditor, Murphy and Baldwin had withdrawn, and the debt was due him from Mendenhall. He therefore has a right to be substituted in the place of the original petitioner, and the court must proceed to adjudicate on such petition.