**PURE OIL COMPANY, Owner of Tank Barges THE PO-2701 and THE PO-2702**

v.

**THE M/V T. M. NORSWORTHY, Her Engines, Etc., and Houston Barge Line, Inc.**

**No. 3009.**

United States District Court
E. D. Louisiana.
New Orleans Division.

Dec. 22, 1959.

---

Deutsch, Kerrigan & Stiles, Cornelius Van Dalen, Christopher Tompkins, New Orleans, La., for libelant.

Lemle and Kelleher, George B. Matthews, New Orleans, La., Robert Eikel, Houston, Tex., for respondent.

CHRISTENBERRY, Chief Judge.

This case having come on for trial upon the pleadings and proof of the parties, was submitted to the Court for decision upon briefs and argument of counsel. After due deliberation, the Court now makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. At all material times libelant was the owner of the Motor Vessels Charles W. Snider and L. W. Sweet, and the Steel Tank Barges PO–2701 and PO–2702.

2. At all material times respondent was the owner of the M/V T. M. Norsworthy and the Steel Tank Barges HBL–2551 and HBL–2550.

3. The Charles W. Snider is a 1600–HP twin-screw diesel towboat, 118 feet in length and 45 feet in beam. Her engines are pilothouse controlled.

4. The L. W. Sweet is a 2600–HP twin-screw diesel towboat, 118 feet in length and 45 feet in beam. Her engines are pilothouse controlled.

5. The T. M. Norsworthy is an 1800–HP twin-screw diesel towboat, 115.1 feet in length and 30 feet in beam. Her engines are pilothouse controlled.

6. On March 27, 1956, the Charles W. Snider and L. W. Sweet were jointly pushing a combined tow of six loaded

tank barges upstream in the lower Mississippi River. The flotilla was secured with the Charles W. Snider in the starboard string faced up to the bow of the Barge PO–2702. The stern of the barge was flush with the stern of the Barge PO–2701, the lead barge in the starboard string. Both barges are about 290 feet in length and 52.5 feet in beam. The L. W. Sweet was faced up to the stern barge in the port string of the flotilla, which consisted of Barge PO–2001, PO–2004 and PO–2006. Each of those barges is approximately 240 feet in length, and about 52 feet in beam.

7. The Snider-Sweet flotilla, so arranged, was secured with cables and ratchets to form a rigid towing unit. At all material times, the L. W. Sweet was providing rudder power for the entire flotilla, with both vessels supplying motive power.

8. Also on the aforesaid date the T. M. Norsworthy was pushing the loaded tank Barges HBL–2551 and HBL–2550 upstream in the same body of water. Those barges were each 290.1 feet in length and 50.1 feet in beam, and were made up in tandem with the HBL–2550 as the lead barge.

9. At approximately 3:15 a. m. on the said date, the Snider-Sweet flotilla passed Louisiana Bar Light on the left ascending shore of the Mississippi River, approximately 150 to 200 yards off the bank, making good a speed over the ground of about 5 mph.

10. At about the same time, the T. M. Norsworthy was proceeding upstream approximately one mile astern of the Snider-Sweet flotilla. She was navigating near the right ascending bank of the river and was making good a speed over the ground of about 10 mph.

11. Also at this time, the M/V John Hoak was a short distance ahead of the Snider-Sweet flotilla, pushing two loaded tank barges upstream at a speed of 2 to 2½ mph over the ground, navigating close to the right ascending bank of the river.

12. The weather was clear; there was no wind, and the current varied between 3 and 5 mph.

13. At a point just above Louisiana Bar Light, the Snider-Sweet flotilla began to cross the river in order to follow the sailing line and avoid a sandbar which extends well out from the left ascending bank into the river across from Holly Ridge Light.

14. The Snider-Sweet flotilla completed its crossing and shaped up on a course parallel to the right ascending bank of the river approximately 125 to 150 yards off the bank. The tow passed the Holly Ridge Gauge, which is located about one-half mile below Holly Ridge Light, at 3:30 a. m. on March 27, 1956.

15. At the time the Snider-Sweet flotilla passed the said Holly Ridge Gauge, the Norsworthy flotilla was about one quarter of a mile astern.

16. As the Snider-Sweet flotilla continued upstream on a steady course parallel to the right ascending bank, with the John Hoak tow approximately 250 to 450 feet ahead and bearing slightly to port, the Norsworthy began to overtake and attempt to pass the Snider-Sweet flotilla to starboard just below Holly Ridge Light.

17. There is an eddy just below Holly Ridge point where the water is relatively still as compared to the current in the main flow of the river.

18. As the Norsworthy flotilla emerged from the relatively still water of this eddy, the barges were allowed to fall off to port instead of stemming the current head-on. The current caught the exposed starboard side of the tow and swung it channelward toward the starboard side of the Snider-Sweet tow.

19. The port corner of the Norsworthy lead barge, HBL–2550, struck the Snider's lead barge, PO–2701, on the starboard side at a point just forward of amidships. It scraped along that side of the barge for a distance of some 32 feet, buckling the deck and denting the shell plating throughout that distance.

20. The force of the collision parted the couplings joining the barges in the Norsworthy flotilla, and the after barge, HBL–2551, swung in and struck the Snider's face barge, PO–2702, rupturing the shell plating on the starboard side of the latter vessel.

21. Collision occurred at approximately 3:45 a. m. on March 27, 1956, at a distance of about 150 yards off the right ascending bank of the river.

22. The Norsworthy attempted to overtake the Snider-Sweet flotilla without exchanging overtaking signals.

23. Just prior to collision, the Snider-Sweet flotilla had been overtaking the John Hoak flotilla to starboard.

24. A radio conversation had taken place between the Snider-Sweet flotilla and the Norsworthy's flotilla approximately 30 minutes prior to collision. The conversation was in the nature of a request by the Norsworthy for general information from the Snider-Sweet flotilla concerning river conditions, and was not a request by the Norsworthy for an assent to her overtaking the Snider-Sweet flotilla to starboard.

#### Conclusions of law

1. This court has jurisdiction of the action, and venue is properly laid in the Eastern District of Louisiana, 28 U.S.C. § 1333.

■ 2. The collision in suit was caused proximately and solely by the fault and neglect of those in charge of the T. M. Norsworthy in the following particulars:

a—Failing to keep out of the way of the overtaken vessel. Rule 22(a) Pilot Rules for the Western Rivers, 33 U.S.C.A. § 347; Diamond v. M/V Fernside, 5 Cir., 252 F.2d 381, 1958 AMC 643; Harris v. Sabine Transp. Co., 5 Cir., 202 F.2d 537, 1953 AMC 489; Socony-Vacuum Oil Co. v. Smith, 5 Cir., 179 F.2d 672, 1950 AMC 445.

b—In failing to sound a passing signal and in attempting to pass before the overtaken vessel had signified her willingness by blowing the proper signal. Rule 22(b), Pilot Rules for the Western Rivers, 33 U.S.C.A. § 347; Dill v. Plaquemine Towing Corporation, D.C.E.D. La., 167 F.Supp. 866, 1959 AMC 491; Harris v. Sabine Transp. Co., 5 Cir., 202 F.2d 537, 1953 AMC 489.

c—In maneuvering out of slack water into a strong current in such a manner that the current bore upon the side of tow and caused it to fall off and into collision with the overtaken vessel. See, B. F. Diamond v. M/V Fernside, 5 Cir., 252 F.2d 381, 1958 AMC 643, 645; The Hackensack, D.C.E.D.N.Y.1887, 32 F. 800; The Narrangansett, 1873, 17 Fed. Cas. 10,018.

d—In attempting to pass the overtaken vessel at full speed, at an unsuitable place in the river, and while the overtaken vessel was engaged in overtaking a vessel ahead of her. The Clement Smith, D.C.E.D.La., 9 F.2d 174, 1926 AMC 162.

■ 3. The Snider-Sweet flotilla is free from fault. It continued to maintain course and speed, even though in the absence of passing signals from the Norsworthy it was under no duty to do so. B. F. Diamond v. M/V Fernside, 5 Cir., 252 F.2d 388, 1958 AMC 643; The Clement Smith, D.C.E.D.La., 9 F.2d 176, 1926 AMC 162; The Cephalonia, D.C. 1886, 29 F. 332. Passage could have been accomplished by the Norsworthy flotilla had it been navigated properly, and those in charge of the Snider-Sweet flotilla were justified in assuming that the Norsworthy would use a reasonable degree of diligence and skill. Harris v. Sabine Transp. Co., 5 Cir., 202 F.2d 537, 1953 AMC 489; The Clement Smith, D.C.E.D. La., 9 F.2d 174, 1926 AMC 162.

4. Libelant is entitled to full recovery of its damages sustained as a result of this collision. The cross-libel filed by respondent is dismissed.