## KIM v JPMORGAN CHASE BANK, NA

Docket No. 302528. Submitted January 5, 2012, at Detroit. Decided January 12, 2012, at 9:00 a.m. Affirmed in part and reversed in part, 493 Mich 98.

Euihyung Kim and In Sook Kim brought an action in the Macomb Circuit Court against JPMorgan Chase Bank, N.A., seeking, in part, to set aside a sheriff's sale of their home. Plaintiffs had obtained a loan from Washington Mutual Bank to refinance their home and granted Washington Mutual a mortgage interest in the property to secure the loan. The federal government subsequently closed Washington Mutual and appointed the Federal Deposit Insurance Corporation (FDIC) as receiver for the bank. Defendant acquired Washington Mutual's loans and loan commitments pursuant to a purchase and assumption agreement that it reached with the FDIC. After plaintiffs defaulted on their loan payments, defendant foreclosed on the property by advertisement and purchased the property at the sheriff's sale. Both plaintiffs and defendant sought summary disposition. In relevant part, plaintiffs asserted that defendant had failed to satisfy the statutory prerequisites for foreclosure by advertisement because it had not recorded its mortgage interest before the sheriff's sale. The court, Richard L. Caretti, J., concluded that defendant was not required to record its interest before the sale and granted summary disposition in favor of defendant. Plaintiffs appealed.

The Court of Appeals *held*:

The right to foreclose by advertisement is conferred by statute, and strict compliance with the statutory provisions is required. At the time of the foreclosure proceedings in this case, MCL 600.3204, as amended by 2004 PA 186, provided that a party could foreclose a mortgage by advertisement if (1) a default in a condition of the mortgage had occurred by which the power to sell became operative, (2) an action or proceeding had not been instituted at law to recover the debt secured by the mortgage or any part of the mortgage; or, if an action or proceeding had been instituted, the action or proceeding had been discontinued; or an execution on a judgment rendered in an action or proceeding had been returned unsatisfied, in whole or in part, (3) the mortgage containing the power of sale had been properly recorded, and (4) the party

foreclosing the mortgage was either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage. If the party foreclosing a mortgage by advertisement was not the original mortgagee, a record chain of title must have existed before the date of sale evidencing the assignment of the mortgage to the party foreclosing the mortgage. Thus, under the plain language of MCL 600.3204(3), defendant was required to record its interest before the date of the sheriff's sale. The statutory language made no exception for mortgage interests acquired by operation of law and, in any event, defendant did not acquire its mortgage interest by operation of law. Rather, under federal law, the mortgage interest was acquired by the FDIC, which later conveyed the interest to defendant through a purchase agreement. Because defendant did not record its interest before the sheriff's sale, it was not statutorily authorized to proceed with the sale, and the trial court erred by granting summary disposition to defendant rather than to plaintiffs, who were entitled to set aside the sheriff's deed.

Reversed and remanded.

MORTGAGES — FORECLOSURES BY ADVERTISEMENT — STATUTORY REQUIREMENTS — RECORDED INTERESTS.

The right to foreclose by advertisement is conferred by statute, and strict compliance with the statutory provisions is required; if the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title must have existed before the date of sale evidencing the assignment of the mortgage to the party foreclosing the mortgage; the statute makes no exception for mortgage interests acquired by operation of law (MCL 600.3204[3]).

*Christenson & Fiederlein, P.C.* (by *Bernhardt D. Christenson*), for plaintiffs.

*Dykema Gossett PLLC* (by *Joseph H. Hickey, Joseph A. Doerr,* and *Brandon M. Blazo*) for defendant.

Before: DONOFRIO, P.J., and STEPHENS and RONAYNE KRAUSE, JJ.

DONOFRIO, P.J. Plaintiffs appeal as of right the trial court's order granting summary disposition in favor of

defendant in this mortgage foreclosure dispute. Because defendant was not authorized to proceed with the sheriff's sale, given that it had failed to record its mortgage interest before the sale as required by MCL 600.3204(3), we reverse and remand.

On July 11, 2007, plaintiffs (husband and wife) obtained a $615,000 loan from Washington Mutual Bank (the Bank) to refinance their home. As security for their indebtedness, plaintiffs granted the Bank a mortgage interest in the property, and, on July 25, 2007, the Bank recorded its interest with the Macomb County Register of Deeds. On September 25, 2008, the Office of Thrift Supervision within the United States Department of Treasury closed the Bank and appointed the Federal Deposit Insurance Corporation (FDIC) as receiver. Pursuant to a purchase and assumption agreement between the FDIC, as receiver, and defendant, defendant acquired all of the Bank's loans and loan commitments. When plaintiffs defaulted on their loan payments, defendant sought to foreclose by advertisement. A notice of foreclosure was published in the *Macomb County Legal News* on May 25, 2009, June 1, 2009, June 8, 2009, and June 15, 2009. On June 26, 2009, defendant purchased the property at a sheriff's sale for $218,000.

On November 30, 2009, plaintiffs filed a complaint against defendant seeking, among other relief, to set aside the sheriff's sale. Thereafter, defendant moved for summary disposition; plaintiffs countered defendant's motion by asserting entitlement to summary disposition under MCR 2.116(I)(2). Pertinent to this appeal, plaintiffs argued that defendant had failed to satisfy the statutory requisites to foreclose by advertisement because it failed to record its mortgage interest before the sheriff's sale. Relying on an opinion of the Michigan Attorney General, OAG, 2003-2004, No 7147, p 93

(January 9, 2004), the trial court determined that defendant was not required to record its interest before the sale because it acquired its interest by operation of law. For this and other reasons not relevant to this appeal, the trial court granted summary disposition in defendant's favor.

We review de novo a trial court's decision on a motion for summary disposition. *Coblentz v City of Novi*, 475 Mich 558, 567; 719 NW2d 73 (2006). Defendant moved for summary disposition pursuant to both MCR 2.116(C)(8) and (10). A motion under subrule (C)(8) tests the legal sufficiency of the complaint using the pleadings alone "to determine whether the claim is so clearly unenforceable as a matter of law that no factual development could establish the claim and justify recovery." *Smith v Stolberg*, 231 Mich App 256, 258; 586 NW2d 103 (1998). Summary disposition under subrule (C)(10) is appropriate "if the affidavits or other documentary evidence demonstrate that there is no genuine issue with respect to any material fact, and the moving party is entitled to judgment as a matter of law." *Miller v Purcell*, 246 Mich App 244, 246; 631 NW2d 760 (2001). Plaintiffs sought summary disposition pursuant to MCR 2.116(I)(2), which is properly granted if the opposing party, rather than the moving party, is entitled to judgment as a matter of law. *Auto-Owners Ins Co v Martin*, 284 Mich App 427, 433; 773 NW2d 29 (2009).

Plaintiffs argue that the trial court erred by granting summary disposition for defendant because chapter 32 of the Revised Judicature Act (RJA), MCL 600.3201 *et seq.*, concerning foreclosure by advertisement, required defendant to record its mortgage interest "prior to" the sheriff's sale. When interpreting statutory language, "[our] goal is to ascertain and give effect to the intent of the Legislature by enforcing plain language as it is

written." *Detroit v Detroit Plaza Ltd Partnership*, 273 Mich App 260, 276; 730 NW2d 523 (2006). Thus, our analysis begins with the statutory language itself. *Ameritech Publishing, Inc v Dep't of Treasury*, 281 Mich App 132, 147; 761 NW2d 470 (2008). When language is clear and unambiguous, we must apply the terms of the statute to the circumstances of the case, and judicial construction is unnecessary. *Dep't of Transp v Tomkins*, 481 Mich 184, 191; 749 NW2d 716 (2008).

At the time of the foreclosure proceedings at issue, MCL 600.3204[1] provided, in relevant part:

(1) A party may foreclose a mortgage by advertisement if all of the following circumstances exist:

(a) A default in a condition of the mortgage has occurred, by which the power to sell became operative.

(b) An action or proceeding has not been instituted, at law, to recover the debt secured by the mortgage or any part of the mortgage; or, if an action or proceeding has been instituted, the action or proceeding has been discontinued; or an execution on a judgment rendered in an action or proceeding has been returned unsatisfied, in whole or in part.

(c) The mortgage containing the power of sale has been properly recorded.

(d) *The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness* secured by the mortgage or the servicing agent of the mortgage.

\* \* \*

(3) *If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall*

---

[1] As amended by 2004 PA 186. The statute was subsequently amended by 2009 PA 29, effective July 5, 2009; 2011 PA 72, effective July 1, 2011; and 2011 PA 301, effective December 22, 2011.

*exist prior to the date of sale* under section 3216[2] *evidencing the assignment of the mortgage to the party foreclosing the mortgage.* [Emphasis added.]

In this case, defendant was not the original mortgagee and acquired its interest in the mortgage by assignment.[3] Thus, pursuant to the plain language of MCL 600.3204(3),[4] defendant was required to record its interest "prior to" the date of the sheriff's sale. Our Supreme Court has recognized that "[t]he right to foreclose by advertisement is conferred solely by the statute" and that strict compliance with such statutory provisions is required. *Dohm v Haskin*, 88 Mich 144, 147; 50 NW 108 (1891).

Defendant argues that the recording provision of MCL 600.3204(3) is inapplicable because defendant acquired its interest in the mortgage by operation of law. The trial court granted summary disposition in defendant's favor on this basis. MCL 600.3204(3), however, makes no exception for mortgage interests acquired "by operation of law." "A court must not judicially legislate by adding into a statute provisions that the Legislature did not include." *In re Wayne Co Prosecutor*, 232 Mich App 482, 486; 591 NW2d 359 (1998). Because the Attorney General's opinion in OAG No 7147 did not comport with the plain statutory language at issue here, the trial court's reliance on the opinion was misplaced. In pronouncing that assignments effected by operation of law need not be recorded before

---

[2] MCL 600.3216 pertains to the time and place of sheriff's foreclosure sales.

[3] Although defendant argues that it complied with MCL 600.3204(1)(d) because it was the "owner of the indebtedness" before it initiated the foreclosure, plaintiffs do not challenge that issue on appeal.

[4] Although MCL 600.3204 has been amended since the time of the foreclosure proceedings at issue here, the language of MCL 600.3204(3) remains the same.

foreclosure by advertisement, the Attorney General was addressing a previous version of chapter 32 of the RJA and relied on conclusory statements in Michigan Land Title Standards (5th ed), a publication of the Land Title Standards Committee of the Real Property Law Section of the State Bar of Michigan. The Attorney General's opinion simply did not address the statutory language at issue in this case. The trial court's reliance on the Attorney General's opinion was also misplaced because opinions of the Attorney General are not binding on this Court. *Danse Corp v City of Madison Hts*, 466 Mich 175, 182 n 6; 644 NW2d 721 (2002).

In any event, it does not appear that defendant acquired its interest by operation of law. The FDIC was appointed as the Bank's receiver, and 12 USC 1821 governed the FDIC's authority. That statute states, in pertinent part:

> The [FDIC] shall, as conservator or receiver, and *by operation of law*, succeed to—
>
> (i) all rights, titles, powers, and privileges of the insured depository institution, and of any stockholder, member, accountholder, depositor, officer, or director of such institution with respect to the institution and the assets of the institution; and
>
> (ii) title to the books, records, and assets of any previous conservator or other legal custodian of such institution. [12 USC 1821(d)(2)(A)(i) and (ii) (emphasis added).]

The FDIC had the authority to dispose of the Bank's assets as set forth in 12 USC 1821(d)(2)(G), which provides:

> MERGER; TRANSFER OF ASSETS AND LIABILITIES.—
>
> (i) IN GENERAL.— The [FDIC] may, as conservator or receiver—

(I) merge the insured depository institution with another insured depository institution; or

(II) subject to clause (ii), transfer any asset or liability of the institution in default (including assets and liabilities associated with any trust business) without any approval, assignment, or consent with respect to such transfer.

(ii) APPROVAL BY APPROPRIATE FEDERAL BANKING AGENCY.—No transfer described in clause (i)(II) may be made to another depository institution . . . without the approval of the appropriate Federal banking agency for such institution.

Consistently with this authority, the FDIC and defendant entered into the purchase and assumption agreement, pursuant to which defendant acquired plaintiffs' indebtedness. The agreement states that defendant, as the "Assuming Bank," "desires to purchase substantially all of the assets and assume all deposit and substantially all other liabilities of the Failed Bank . . . ." Article III of the agreement, pertaining to the "PURCHASE OF ASSETS," provides, in relevant part:

3.1 **Assets Purchased by Assuming Bank.** Subject to Sections 3.5, 3.6 and 4.8, the Assuming Bank hereby purchases from the Receiver, and the Receiver hereby sells, assigns, transfers, conveys, and delivers to the Assuming Bank, all right, title, and interest of the Receiver in and to all of the assets . . . of the Failed Bank . . . . [T]he Assuming Bank specifically purchases all mortgage servicing rights and obligations of the Failed Bank.

Reading the agreement together with the federal statutory provisions, it appears that the FDIC, as receiver, rather than defendant, acquired the Bank's rights, titles, powers and privileges "by operation of law." Defendant simply purchased the loans from the FDIC after they were transferred to the FDIC by operation of law.

Therefore, pursuant to the plain language of MCL 600.3204(3), defendant was required to record its mortgage interest before the sheriff's sale. Because defendant failed to do so, it was not statutorily authorized to proceed with the sale. See MCL 600.3204(3) ("If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title *shall* exist prior to the date of sale . . . ." (emphasis added); see also *Davenport v HSBC Bank USA*, 275 Mich App 344, 347-348; 739 NW2d 383 (2007) ("Because defendant lacked the statutory authority to foreclose, the foreclosure proceedings were void *ab initio*."). Accordingly, the trial court erred by granting summary disposition for defendant and denying summary disposition for plaintiffs when they were entitled to set aside the sheriff's deed. Given our resolution of this issue, it is unnecessary to address plaintiffs' argument that the trial court erred by prematurely disposing of their cause of action without permitting discovery.

Reversed and remanded. We do not retain jurisdiction. Plaintiffs, being the prevailing parties, may tax costs pursuant to MCR 7.219.

STEPHENS and RONAYNE KRAUSE, JJ., concurred with DONOFRIO, P.J.