NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0118n.06

**No. 12-1325**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
*Jan 31, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| SALVATORE A. MUNACO, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| BANK OF AMERICA; BANK OF | ) | DISTRICT OF MICHIGAN |
| NEW YORK MELLON, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

BEFORE: MARTIN, SUHRHEINRICH and GIBBONS, Circuit Judges.

SUHRHEINRICH, Circuit Judge.

## I. Introduction

Defendant The Bank of New York Mellon ("BNYM") foreclosed the mortgage of Plaintiff

Salvatore A. Munaco ("Munaco") after Munaco defaulted on the loan secured by the mortgage.

Munaco sued, alleging that the foreclosure sale violated Michigan's advertisement statute, Mich.

Comp. Laws Ann. § 600.3220. The district court granted summary judgment to Defendants and also

denied Munaco's motion for reconsideration or relief from judgment. Munaco appeals both of those

orders. We AFFIRM.

## II. Background

On January 17, 2007, Munaco got a loan in the amount of $1,190,000.00 from America's

Wholesale Lender ("AWL"), for residential property located in Rochester, Michigan. The note was

secured by a mortgage, which was recorded with the Oakland County Register of Deed ("ROD"). Defendant Bank of America is the servicer of the loan. The mortgage identified Mortgage Electronic Systems, Inc. ("MERS") as the mortgagee. MERS assigned the mortgage to BNYM, by written assignment, which was recorded with the ROD on June 25, 2009.

Munaco defaulted on the note. On June 2, 2009, BNYM began foreclosure proceedings. This was twenty-three days before it recorded the assignment of the mortgage with the ROD, on June 25, 2009. The foreclosure sale was originally scheduled for June 30, 2009, but after four adjournments, took place on July 28, 2009. BNYM purchased the property at the foreclosure sale for $697,000. Munaco had until July 28, 2010, to redeem the property from foreclosure but did not redeem it.

Thereafter, BNYM brought an action in the District Court for the 52-3 Judicial District of the State of Michigan to recover the property. On September 13, 2010, Munaco brought this suit, alleging wrongful foreclosure (Count I), and seeking to set aside the foreclosure sale and enjoin Defendants from evicting him from the property (Count II). BNYM removed the action to federal district court, dismissed its state court action, and agreed to have the pending issues regarding the property resolved in this action.

Defendants moved for summary judgment on November 1, 2011. On November 22, 2011, Munaco filed his response. On January 24, 2012, the district court granted summary judgment to Defendants. First, it concluded that Munaco had standing to challenge the foreclosure after the expiration of the redemption period. The court found that there was no genuine issue of fact that the foreclosure sale was properly adjourned from week to week, in accordance with Mich. Comp. Laws Ann. § 600.3220, relying on the adjournment notices attached to Defendants' motion for summary

2

judgment. The district court refused to consider Plaintiff's argument, raised for the first time in his response brief, that the foreclosure by advertisement was invalid under Mich. Comp. Laws Ann. § 600.3204, because BNYM did not record the mortgage until after the foreclosure proceeding began. R. 25 Page ID# 321.

On February 7, 2012, Munaco filed a motion for reconsideration or relief from judgment and to file an amended complaint. On February 28, 2012, the district court denied this motion. First, the court held that while Munaco had made numerous allegations in his complaint, he "chose to assert only a single claim of wrongful disclosure, and specifically stated in that count that his claim was pursuant to MCL 600.3220." R. 36 Page ID# 651. The court added that it was "not required to consider other alleged statutory violations that Plaintiff was clearly aware of, but for whatever reason chose not to assert as part of his claim." *Id.* The district court also denied Munaco's motion to amend the complaint, on the grounds that Munaco offered no explanation for the delay in seeking to amend, and Defendants had demonstrated significant prejudice. *Id.* 652. "As Defendants have explained, if Plaintiff had asserted on a timely basis the fact that he now proposes to assert in an amended complaint, Defendants would have had the option to agree to set aside the foreclosure and to begin a new foreclosure by advertisement." *Id*. 652–53. Finally, the court noted that Munaco "had ample notice" that his additional claims had not been included in the complaint and thus not considered on summary judgment, but he did not explain why he waited until after entry of judgment to seek leave to amend. *Id.* 653.

Munaco challenges both rulings on appeal.

## III.  Analysis[1]

### A.  Grant of Summary Judgment

First, Munaco alleges that in granting summary judgment, the trial court refused to consider various arguments he presented in support of his wrongful foreclosure claim. More specifically, Munaco contends that the court elevated form over substance by considering only allegations that were asserted specifically under Count I and completely disregarding other factual allegations in the complaint or raised in response to summary judgment.

A district court's grant of summary judgment is reviewed de novo. *Johnson v. Econ. Dev. Corp.*, 241 F.3d 501, 509 (6th Cir. 2001). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "A 'genuine issue of material fact' is one which, if proven at trial, would result in a reasonable jury finding for the non-moving party." *Doren v. Battle Creek Health Sys.*, 187 F.3d 595, 597 (6th Cir.1999) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)). All justifiable inferences are to be drawn in the non-moving party's favor. *Anderson*, 477 U.S. at 255.

### 1.  General Principles

In Michigan, once a foreclosure is complete and the redemption period following the foreclosure has expired, a former owner loses all right, title, and interest in and to the mortgaged property. *Piotrowksi v. State Land Office Bd.*, 4 N.W.2d 514, 517 (Mich. 1942); *see also* Mich.

---

[1]Subject matter jurisdiction is based on diversity.

Comp. Laws Ann. § 600.6236.[2]  Furthermore, "[t]he law in Michigan does not allow an equitable

extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage

foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or

irregularity." *Schulthies v. Barron*, 167 N.W.2d 784, 785 (Mich. App. 1969) (per curiam).  *See also*

*Reid v. Rylander*, 258 N.W. 630, 631 (Mich. 1935) (holding that a former owner may holdover and

challenge the validity of the foreclosure in a summary eviction proceeding, but is limited to

challenging the procedure).

---

[2]In the district court, Defendants argued that Munaco lacked standing to challenge the foreclosure once the redemption period expired.  The district court rejected the argument, citing *Rainey v. U.S. Bank Nat'l Ass'n*, No. 11-12520, 2011 WL 5075700 (E.D. Mich. Oct. 25, 2011). *Rainey*, in turn, adopted the reasoning of *Langley v. Chase Home Fin. LLC*, No. 10-604, 2011 WL 1130926, at * 2 n.2 (W.D Mich. March 28, 2011).  *See also Ahmad v. Wells Fargo Bank, NA*, 861 F. Supp. 2d 818, 824-25 (E.D. Mich. 2012) (adopting the views of *Rainey* and *Langley*).  This issue has arisen in several federal district courts in Michigan.  *See, e.g., Steinberg v. Fed. Home Loan Mortg. Corp.*,, 1-CV-15182, 2012 WL 4498297, at * 2 (E.D. Mich. Sept. 28, 2012) (and cases cited therein); *Witek v. Mortg. Elec. Reg. Sys., Inc. (MERS)*, No. 1:11-CV-216, 2012 WL 2261363, at * 1 (W.D. Mich. June 15, 2012); *Ahmad*, 861 F. Supp. 2d at 824-25; *Rainey*, 2011 WL 5075700, at *2-4; *Langley*, 2011 WL 1130926, at *2 n.2.

Defendants do not raise this argument on appeal.  Notwithstanding, we have an independent obligation to consider the matter.  *See Planned Parenthood Ass'n. v. City of Cincinnati*, 822 F.2d 1390, 1394 (6th Cir. 1987).  Use of the term "standing" in this context is misleading.  *Brezzell v. Bank of America*, No. 11-11467, 2011 WL 2682973, at *4 (E.D. Mich. July 11, 2011).  *See generally El-Seblani v. IndyMac Mortg. Servs.*, No. 12-1046, at *3-4 (6th Cir. Jan. 7, 2013) (explaining the confusion over standing in this context).

We conclude that Munaco satisfies constitutional and prudential standing requirements, for the reasons articulated in *Langley*.  *See Langley*, 2011 WL 1130926, at * 2. n.2;  *Rainey*, 2011 WL 5075700, at * 2-4; *see also Ahmad*, 861 F. Supp. 2d at 824-25 (assuming standing because the plaintiffs' claims were still subject to dismissal under Fed. R. Civ. P. 12(b)(6)).  We therefore affirm the district court's conclusion that Munaco had standing to challenge the foreclosure proceeding.

**2. Mich. Comp. Laws Ann. § 600.3220**

In his complaint, Plaintiff alleged that Defendants failed to post notice of the adjournment of the foreclosure sale as required by Mich. Comp. Laws Ann. § 600.3220.[3] As discussed below, this is the only claim raised in the complaint. Defendants offered undisputed evidence that the foreclosure sale was adjourned from week to week in accordance with Mich. Comp. Laws Ann. § 600.3220, and the district court granted summary judgment on that basis. Munaco does not challenge that conclusion on appeal. Summary judgment for Defendants is thus proper on this basis alone.

**3. Mich. Comp. Laws Ann. § 600.3204**

Munaco argued for the first time in his response to Defendants' motion for summary judgment that the foreclosure must be set aside because the assignment of the mortgage was not recorded until after the foreclosure procedure began.

Foreclosure by advertisement is governed by statute in Michigan. *See* Mich. Comp. Laws Ann. § 600.3204; *Senters v. Ottawa Sav. Bank, FSB*, 503 N.W.2d 639, 641 (Mich. 1993). A party

---

[3]Mich. Comp. Laws Ann. § 600.3220 states as follows:

Sec. 3220. Such sale may be adjourned from time to time, by the sheriff or other officer or person appointed to make such sale at the request of the party in whose name the notice of sale is published by posting a notice of such adjournment before or at the time of and at the place where said sale is to be made, and if any adjournment be for more than 1 week at one time, the notice thereof, appended to the original notice of sale, shall also be published in the newspaper in which the original notice was published, the first publication to be within 10 days of the date from which the sale was adjourned and thereafter once in each full secular week during the time for which such sale shall be adjourned. No oral announcement of any adjournment shall be necessary.

may foreclose by advertisement if certain conditions are met. These include that "[t]he mortgage containing the power of sale has been properly recorded" and that "[t]he party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage." Mich. Comp. Laws Ann. § 600.3204(1)(c), (d). The statute also provides: "If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist *prior to the date of sale* under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage." *Id.* § 600. 3204(3) (emphasis added).[4]

### a. Stating a Claim

We agree with the district court that Munaco raised only one claim for wrongful foreclosure based on Defendants' alleged failure to comply with the adjournment procedure of Mich. Comp. Laws § 600.3220[5] and that the complaint does not contain any factual allegations or claims relating to Munaco's assertion that the mortgage foreclosure was invalid under Mich. Comp. Laws Ann. § 600.3204. The complaint does not allege that BNYM was not "either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage" at the time BNYM began foreclosure proceedings, as required by Mich. Comp. Laws Ann. § 600. 3204(1)(d), or that BNYM failed to record the assignment of the mortgage prior to the date of sale,

---

[4]Mich. Comp. Laws Ann. § 600.3216 pertains to the time and place of the sheriff's foreclosure sale.

[5]Munaco's complaint alleges that "Defendants did not properly post the adjournment as required by MCL 600.3220," and "Defendants failed to comply with MCLA 600.3220." R. 1 Page ID# 8.

7

as provided by Mich. Comp. Laws Ann § 600.3204(3). Having failed to state a claim under section 600.3204, Munaco has forfeited any right to pursue such arguments on appeal.

The "other allegations of wrongdoing" in Munaco's complaint allege that Defendants did not afford Munaco an opportunity to meet with the foreclosing lender as required by Mich. Comp. Laws Ann. § 600.3204(5). *See* R.1 Page ID# 7–9 (paragraphs 9–22). However, as Munaco acknowledges, subsection 600.3204(5) was not in effect when BNYM began foreclosure proceedings. *See* Mich. Comp. Laws Ann. § 600.3204(5) ("Subsection (4) [providing that a party may not begin foreclosure proceedings if, *inter alia*, a mortgagor has requested a meeting and the mortgagee has not met with him] applies only to proceedings under this chapter in which the first notice . . . is published after July 5, 2009 and before December 31, 2012.")

As the Supreme Court recently observed, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). *See also Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 444 (6th Cir. 2012) (setting forth analysis required under *Iqbal* and *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007)). Munaco did not plead facts to establish a violation of Mich. Comp. Laws Ann. § 600.3204, and did not allege fraud, mistake, or irregularity in connection with the foreclosure proceeding.

### b. Summary Judgment

Even if Munaco has properly stated a claim based on Mich. Comp. Laws Ann. § 600.3204, he still failed to meet his burden as the nonmoving party under Rule 56. BNYM offered undisputed evidence that it owned the indebtedness since on or about February 27, 2007, before the foreclosure proceedings began, and that the assignment was recorded on June 25, 2009, prior to the date of the

foreclosure sale on July 28, 2009 (albeit not before the proceedings were initiated). R. 18-2 Page ID# 108; R. 18-2 Page ID# 123. As noted above, the undisputed evidence establishes that Defendants met all three requirements at the time of the foreclosure sale.[6]

In support of his argument that the assignment of the mortgage must also be recorded prior to the first publication of a notice of foreclosure, Munaco cites *Residential Funding Company, LLC v. Saurman*, 807 N.W.2d 412 (Mich. Ct. App. 2011). *Saurman* held that Mortgage Electronic Registration Systems ("MERS") was not authorized to foreclose under Mich. Comp. Laws § 600.3204(1)(d) because it did not hold the mortgage note itself. *Saurman*, 807 N.W.2d at 414. However, the Michigan Supreme Court reversed *Saurman*, rejecting the premise that only mortgagees of record may commence foreclosure by advertisement:

> [T]he Legislature's use of the phrase "interest in the indebtedness" to denote a category of parties entitled to foreclose by advertisement indicates the intent to include mortgagees of record among the parties entitled to foreclose by advertisement, along with parties who "own[ ] the indebtedness" and parties who act as "the servicing agent of the mortgage."

*Residential Funding Co., LLC. v. Saurman*, 805 N.W.2d 183, 184 (Mich. 2011). *See also Hargraw v. Wells Fargo Bank NA*, No. 11-1806, 2012 WL 2552805, at *2 (6th Cir. July 3, 2012). Thus, the person foreclosing a mortgage does not need to be a mortgagee. Instead, mortgagees of record are only one category of parties entitled to foreclosure by advertisement, and the owner of the indebtedness is also entitled to foreclose by advertisement. The Michigan Supreme Court did not alter the requirement that the assignment of the mortgage to the person foreclosing the mortgage

---

[6]The other requirements of Mich. Comp. Laws Ann. § 600.3204(1)(a), (b,), and (c) are also met and not at issue.

must be recorded prior to sale. It is undisputed that BNYM was the owner of the indebtedness prior to the commencement of foreclosure and the assignment was recorded prior to sale.

Munaco also relies on *Rainey v. U.S. Bank Nat'l Ass'n*, No. 11-12520, 2011 WL 5075700 (E.D. Mich. Oct. 25, 2011), which held that an assignment of the mortgage must be recorded prior to beginning foreclosure. *Rainey*, which was decided prior to *Saurman*, has been effectively overruled.

And most importantly, this result in consistent with the plain language Mich. Comp. Laws Ann. § 600.3204(3), which states simply that if the foreclosing party "is not the original mortgagee, a record chain of title shall exist prior to the date of *sale*." Mich. Comp. Laws Ann. § 600.3204(3)(emphasis added).

## B. Motion to Amend Complaint

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a court may freely grant leave to amend a pleading "when justice so requires," in order to ensure that a case is tried on its merits "rather than [on] the technicalities of the pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (per curiam). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005).

We review the denial of a motion to amend for abuse of discretion, unless the district court ruled that the amendment would not withstand a motion to dismiss. *Bridgeport Music, Inc. v. Dimension Films*, 383 F.3d 390, 402 (6th Cir. 2004).

The district court did not abuse its discretion in denying Munaco leave to amend his complaint. The court properly considered the relevant factors and found that Munaco never offered

10

an explanation for the long delay in seeking leave to amend, despite having notice that his additional claims were not included as counts in his complaint, and that Defendants suffered prejudice, because they conducted their defense based on the single theory presented in the complaint. The court also noted that with timely notice, Defendants could have agreed to set aside the foreclosure and begin a new foreclosure by advertisement.

Munaco asserts that he could not have moved to amend until *Rainey* was decided. This attempt to explain away the delay is not persuasive. *Rainey* was decided in October 2011, and Defendants moved for summary judgment on November 1, 2011. Munaco did not move to amend until February 7, 2012. But more importantly, *Rainey* did not change the substantive law of Michigan regarding foreclosure by advertisement, which clearly states that an assignment must be recorded prior to the foreclosure sale, not the first publication of the foreclosure notice. *See* Mich. Comp. Laws Ann. § 600.3204(3). Finally, Munaco's argument is undermined by the fact that he relied on the Attorney General's 2004 opinion, *see* Op. Att'y Gen. 2003-2004 No. 7147 (2004),[7] which was available six years before Munaco brought this action.

Finally, an amendment would have been futile, so there was no abuse of discretion in denying leave to amend.

### IV. Conclusion

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**

---

[7]Mich. Comp. Laws Ann. § 600.3204(3) was amended to its present form after Op. Att'y Gen. 7147 was released. *See generally Kim v. JP Morgan Chase Bank, NA*, 813 N.W.2d 778, 781-82 (Mich. Ct. App. 2012), *aff'd in part, rev'd in part*, 493 Mich. 98 (Mich. Dec. 21, 2012) (No. 144690).